FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JENNY B.,[1]

           Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

           Defendant.

No.  1:25-cv-3026-EFS

**ORDER REMANDING FOR PARTIAL PAYMENT OF BENEFITS AND FOR FURTHER PROCEEDINGS AS TO THE EARLIER PERIOD**

      Plaintiff Jenny B. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred when evaluating Plaintiff's impairments and her subjective complaints, but the parties disagree about the appropriate remedy. Plaintiff seeks payment of benefits, while the Commissioner requests further

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

DISPOSITIVE ORDER - 1

administrative proceedings. After reviewing the record and relevant authority, the Court remands for payment of benefits from December 15, 2017, to December 31, 2022, and remands for further proceedings for the period of August 12, 2012, to December 14, 2017.

## I. Background

In August 2013, at the age of 32, Plaintiff filed for benefits under Title 2 and Title 16, alleging onset on August 13, 2012.[2] She graduated from high school and completed some college courses.[3] She has previously worked, including as a cashier, administrative assistant, pizza baker, and circulation clerk.[4] She has been married and has two children.[5] When she initially applied for disability, her primary concerns were back pain, carpal tunnel, depression, and anxiety, with associated symptoms of pain, dizziness, agitation, and desire to

---

[2] AR 180, 189.

[3] AR 39–41.

[4] AR 42–43, 79.

[5] AR 1553.

DISPOSITIVE ORDER - 2

isolate.[6] She later began having swelling in her legs and vestibular migraines that caused dizziness, vertigo, nausea, and light and sound sensitivity.[7]

Her disability applications were denied initially.[8] At her request, an administrative hearing was held in November 2015, before ALJ Wayne Araki, who issued an unfavorable decision, which was later reversed and remanded by the district court.[9]

In December 2019, another administrative hearing was held, this time before ALJ Kimberly Boyce.[10] The ALJ issued an unfavorable decision, and the district court again reversed and remanded, requiring the ALJ to reconsider Plaintiff's symptom claims, reweigh the medical-opinion evidence, and conduct a new sequential analysis.[11]

---

[6] AR 52–54, 66, 75–77.

[7] AR 752–70.

[8] AR 117–26, 130–34.

[9] AR 10–27, 807–28, 840–90 (EDWA Case No. 1:17-cv-3061-FVS).

[10] AR 739–76.

[11] AR 2347–68, 1583–1606 (EDWA Case No. 1:20-cv-3070-FVS).

In March 2023, ALJ Glenn Meyers held a third administrative hearing and later issued a partially favorable decision, finding that Plaintiff became disabled, starting January 1, 2023.[12] Plaintiff appealed the unfavorable portion of ALJ Meyer's decision to district court, and in December 2023, pursuant to the parties' stipulation, the district court reversed and remanded the unfavorable portion of ALJ Meyer's decision.[13] The district court directed that the ALJ reevaluate the medical-opinion evidence and conduct a new sequential evaluation for the period prior to January 1, 2023.

In November 2024, ALJ Cecelia LaCara held a fourth administrative hearing.[14] Thereafter, she issued an unfavorable decision for the at-issue period of August 13, 2012, to December 31, 2022, finding:

- Step one: Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020.

---

[12] AR 1513–33, 1547–81.

[13] AR 2416–23 (EDWA Case No. 1:23-cv-3102-EFS).

[14] AR 2320–46.

- Step one: Plaintiff had not engaged in 12 consecutive months of substantial gainful activity from August 13, 2012, the alleged onset date, through December 31, 2022.
- Step two: During the relevant period of August 13, 2012, through December 31, 2022, Plaintiff had the following medically determinable severe impairments: lumbar spine condition, sacroiliac joint dysfunction, hip bursitis, carpal tunnel syndrome, obesity, depressive disorder, anxiety disorder, PTSD, and personality disorder. The ALJ also found that fibromyalgia was not a medically determinable impairment, and that Plaintiff's vertigo, migraine symptoms, and lower extremity swelling were not severe impairments.
- Step three: During the relevant period, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.
- RFC: During the relevant period, Plaintiff had the RFC to perform light work except:

    she had to be able to change between sitting and standing at will (a sit/stand option) while not leaving

the workstation or reducing productivity. She could occasionally stoop. She could not kneel, crouch, or crawl. She could not climb ramps, stairs, ladders, ropes, scaffolds. She could not walk across uneven surfaces. She could occasionally perform bilateral overhead reaching, and could otherwise perform frequent bilateral reaching to the front and to the side. She could perform frequent bilateral handling and fingering. She had to avoid all exposure to unprotected heights and hazards. She could perform work requiring simple, routine tasks and occasional decision making. She could have no contact with the public; incidental public contact allowed but could not be a part of the main job duties. She could have occasional interaction with coworkers but could not engage in tandem tasks with coworkers. She could have occasional interaction with supervisors.

- Step four: Plaintiff had no past relevant work.

- Step five: Considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as a hotel housekeeper, small parts assembler, inspector/hand packager, and document preparer.[15]

Plaintiff now appeals ALJ LaCara's denial of disability, arguing that the ALJ erred at several steps of the sequential evaluation.

---

[15] AR 2287–2308.

Plaintiff asks for an immediate award of benefits, and in her reply, Plaintiff highlights that the Commissioner failed to respond to several of Plaintiff's arguments and therefore conceded these errors.[16] In response, the Commissioner agrees the ALJ erred when evaluating the impairments at step two and Plaintiff's subjective complaints and therefore asks the Court to remand the matter for further proceedings; as highlighted by Plaintiff, the Commissioner did not respond to Plaintiff's step-five arguments.[17]

## II.    Analysis

**A.    Remand Standard**

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course absent rare circumstances. Three factors must be satisfied for the court to consider remand for payment of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical

---

[16] ECF Nos. 10, 15.

[17] ECF No. 14.

    opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[18]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[19]

## B.  Remand Analysis

There is no dispute that the record has been fully developed for the at-issue past period, that the ALJ failed to provide legally sufficient reasons for rejecting evidence, and that if such evidence was credited as true, the ALJ would be required to find Plaintiff disabled on remand. Instead, in dispute is whether administrative proceedings are needed to resolve evidentiary conflicts between the medical evidence

---

[18] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

[19] *Id.* at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

and Plaintiff's reported symptoms and activities, and thus a need to determine if Plaintiff was disabled during the at-issue period if the rejected evidence was not credited as true.

The Court agrees with the Commissioner that further proceedings are necessary to resolve evidentiary disputes between Plaintiff's reported symptoms and the medical record for the period before December 15, 2017. The Court agrees with Plaintiff, however, that the evidence clearly establishes that Plaintiff's impairments, including her vertigo and migraine symptoms, prevented her from performing and sustaining fulltime work on and after December 15, 2017. The ALJ again erred—the fourth time—here, by finding that Plaintiff's dizziness and migraine headaches do not constitute a severe impairment. This was a specific issue the district court in August 2021 required the ALJ to reevaluate on remand; with the district court citing to medical records supporting Plaintiff's reported vertigo and migraine symptoms.[20]

---

[20] ECF No. 1583–1604.

Notwithstanding the district court's order, and contrary to the medical evidence on and after December 15, 2017, the ALJ has now twice found that Plaintiff's dizziness and migraine headaches were not a severe impairment. Yet, the medical records are consistent with Plaintiff's testimony that her dizziness and migraine headaches cause extreme light and noise sensitivity, dizziness, and sometimes aura and nausea, which would cause her to miss more than two days of work per month and thus per the vocational experts' testimony would prevent Plaintiff from sustaining full-time work.[21] For instance, on December 15, 2017, Plaintiff sought treatment for migraines associated with light sensitivity and nausea with occasional vomiting.[22] Plaintiff continued to suffer from headaches and in September 2019, sought emergent care for weakness, headache, and dyspnea, where she was observed with

---

[21] AR 769–75, 2328–46.

[22] AR 1365.

significant spasm and tenderness to trapezius muscles bilaterally.[23] The following month Plaintiff was again observed with trapezius muscle pain and was assessed with vestibular migraine.[24] In November 2019, Plaintiff told the neurologist that her headaches had gotten worse over the last year and she was observed with an anxious temperament and tearfulness.[25] During her December 2019 appointment, she reported that she had missed about 6–10 shifts a month due to her headaches and migraines and was having more

---

[23] AR 1284; *see also* AR 2184 (mentioning that Plaintiff was diagnosed with migraines on September 22, 2019, when treated at emergency department).

[24] AR 2185; *see also* AR 2182 (Oct. 2019: "She will get a squeezing pressure sensation in her head, pulsating. May be worse in the afternoon or evening. May last seconds, go away, and come back.").

[25] AR 1500–03.

difficulty with vertigo.[26] The medical record reflects that Plaintiff continued to seek treatment for her migraines, including being treated by neurology and receiving injections.[27] The medical record, along with Plaintiff's testimony about her dizziness and headaches, clearly establish that since December 15, 2017, she was unable to perform and sustain full-time work, when considering these impairments along with her other severe impairments. Payment of benefits from December 15, 2017, to December 31, 2022, is appropriate, particularly as the ALJ has had two occasions, since being ordered by the district court to reevaluate Plaintiff's dizziness and headaches, to fully and fairly consider these impairments and their resulting limitations. Remand for payment of benefits from December 15, 2017, to December 31, 2022, is directed.

---

[26] AR 2179; *see also* AR 1496 (Dec. 2019: seeking treatment for spasming right trapezius muscle suspected of triggering migraine headaches).

[27] *See, e.g.*, AR 1740–60, 2171–73, 2240–41, 2249–50.

As to the pre-December 15, 2017 period, the ALJ is to re-evaluate Plaintiff's impairments, her symptom reports, and the medical opinions for this period. When doing so, the ALJ is to find fibromyalgia to be a severe impairment, consistent with Judge Meyers' prior decision in April 2023.[28] In addition, the ALJ must correct the step-five errors.[29]

At step five, the ALJ listed the following four jobs as jobs that Plaintiff could perform and that exist in significant numbers in the national economy:

- Hotel housekeeper (323.687-014/Light/SVP 2): 177,389 jobs nationally.
- Assembler small parts (706.684-022/Light/SVP 2): 16,138 jobs nationally.
- Inspector hand packager (559.687-074/Light/SVP 2): 6,143 jobs nationally.

---

[28] AR 2386.

[29] As mentioned previously, the Commissioner failed to respond to step-five issues raised by Plaintiff. Failure to contest these issues in this appeal of the ALJ's decision is concession of error. *Mahdi v. Stirling*, 20 F.4th 846 (4th Cir. 2021); *Bonte v. U.S. Bank*, 624 F.3d 461, 466 (7th Cir. 2010).

- Document preparer (249.587-018/Sedentary/SVP 2): 50,670 jobs nationally.[30]

Plaintiff correctly identifies that two of these jobs—hotel housekeeper and document preparer—are not consistent with the RFC.

First, as to hotel housekeeper, the vocational expert testified that such a job cannot be performed by one who needs to sit/stand at will.[31] Because the RFC requires Plaintiff to be able to sit and stand at will, this is not a job she can perform and therefore the ALJ erred by relying on this job.

Second, as to document preparer, this job has a reasoning level of 3 and thus there is an apparent conflict between this level 3 reasoning job and the RFC limiting Plaintiff to simple, routine tasks with occasional decision making.[32] The ALJ failed to ask the vocational expert to resolve this apparent inconsistency between the RFC and the

---

[30] AR 2308.

[31] AR 2342 ("So I'm going to – I'm going to remove the housekeeper then, because you don't get to sit whenever you want as a housekeeper.").

[32] *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).

document preparer job's specifications per the DOT. On remand, the ALJ is elicit vocational expert testimony as to this apparent conflict. Moreover, if the vocational expert identifies that Plaintiff's RFC allows her to perform the work of a document preparer, the vocational expert is to identify the number of such jobs that can be performed nationally and regionally.[33] Finally, the ALJ is to consider whether sound and noise limitations need to be added to the RFC.

---

[33] The vocational expert previously testified that there were 15,670 document preparer jobs nationally. AR 2344. Yet, ALJ LaCara identified that there were 50,670 document preparer jobs nationally. This mistype was potentially a consequential error and may impact the ultimate determination as to whether there were a significant number of jobs in the national economy that Plaintiff can perform between August 13, 2012, and December 14, 2017. *Cf. Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

### III. Conclusion

Because the record clearly establishes that Plaintiff suffered from disabling vertigo and headaches since at least December 15, 2017, this matter is remanded for payment of benefits from December 15, 2017, to December 31, 2022. As to the prior period of August 13, 2012, to December 14, 2017, the ALJ is to reevaluate Plaintiff's disability claims, while finding that fibromyalgia is a severe impairment, and ensuring that any apparent conflict at step five is testified to by the vocational expert.

Moreover, the prior finding that Plaintiff was disabled as of January 1, 2023, is preserved.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 10 and 14**.

2. The ALJ's nondisability decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner of Social Security for a calculation of benefits pursuant to sentence four of 42 U.S.C. § 405(g) from **December 15, 2017, to December 31, 2022**.

3. This matter is **REMANDED** to the Commissioner of Social Security for new vocational expert testimony and evaluation by a new ALJ as to the period from **August 13, 2012, through December 14, 2017**. The new ALJ is to issue a decision within **120 days.**

4. The Clerk's Office shall enter **JUDGMENT** in favor of **Plaintiff and CLOSE the case**.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this _22nd_ day of August 2025.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge